# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-674-RJC

| | |
|---|---|
| ERIC TEJADA, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>JANET A. NORWOOD, )<br>North Carolina Superior )<br>Court Clerk, in her individual )<br>and official capacity, )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment. (Doc. No 4). Plaintiff filed a Complaint under 42 U.S.C. § 1983 against Defendant Janet Norwood whom Plaintiff identifies as the "North Carolina Superior Court Clerk." (Doc. No. 1). Plaintiff filed what purports to be a return receipt from the United States Post Office indicating that his Complaint was served on Defendant by certified mail. The signature of the person who signed the return receipt is largely illegible, but it is plain that it is not the signature of Defendant. (Doc. No. 3 at 2).

Plaintiff moves the Court to enter default judgment against Defendant contending that she has failed to respond or answer the Complaint and the time for doing so has expired. Plaintiff has not applied to the Clerk for an entry of default. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment or affirmative relief is sought has failed to plead or otherise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default).

More importantly, Plaintiff has failed to demonstrate that he properly served a copy of

1

the Summons and Complaint on Defendant. Plaintiff states that he served a copy of the Complaint on Defendant, but he does not state that he served a copy of the Summons. (Doc. No. 3 at 1). See Fed. R. Civ. P 4(c) ("A summons must be served with a copy of the complaint). Moreover, it is Plaintiff's burden to prove service of the Summons and Complaint. See Fed. R. Civ. P. Rule 4(l) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Plaintiff has not filed the required affidavit.

Plaintiff indicates that he served the Complaint on Defendant and he lists what appears to be the address of the Mecklenburg County Courthouse on the return receipt. However, Plaintiff has failed in his effort to effect service of process on Defendant. Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that "service upon a state . . . or other governmental organization subject to suit, shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon such defendant." Under North Carolina law, service is properly made upon an officer of the State by delivery of process to that officer's designated agent or absent designation of an agent, delivery of process to the Attorney General of North Carolina. See N.C. Gen. Stat. § 1A-1, Rule 4(j)(4).

Plaintiff filed his Complaint on December 29, 2011, and Plaintiff's time for effecting service of the Summons and Complaint under Fed. R. Civ. P. Rule 4(l) would expire within 120 days of the filing, on or about April 29, 2012, unless the Court finds that service should be made within a specified time. See Fed. R. Civ. P. 4(m). The Court will provide Plaintiff with thirty (30) days from entry of this Order to effect service of the Summons and Complaint on the Attorney General of North Carolina.. Plaintiff is warned that failure to file the proof of service of

the Summons and Complaint within thirty (30) days of entry of this Order will result in his Complaint being dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Default Judgment is **DENIED** without prejudice. (Doc. No. 4).

2. Plaintiff shall file proof of service of the Summons and Complaint in accordance with the terms of this Order and as required by Rule 4(l) of the Federal Rules of Civil Procedure within thirty (30) days of entry of this Order. <u>Failure to do so will result in the entry of an Order dismissing Plaintiff's Complaint</u>.

The Clerk of Court is directed to send a copy of the Order to Plaintiff at his last known address on file.

Signed: April 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge