# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:11-cv-674-RJC

| | |
|---|---|
| ERIC V. TEJADA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANET A. NORWOOD, )<br>North Carolina Clerk of )<br>Superior Court, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on a review of Plaintiff's complaint. Under 28 U.S.C. § 1915A(b)(1), the court shall identify cognizable claims or dismiss the complaint . . . if it "fails to state a claim upon which relief may be granted." For the reasons that follow, Plaintiff's complaint will be dismissed.

## I.   BACKGROUND

Plaintiff is currently housed as a state prisoner in the Albemarle Correctional Institution. (Doc. No. 7). According to the website for the North Carolina Department of Public Safety, Plaintiff was convicted on March 26, 2010 of drug trafficking, and sentenced to a total term of incarceration of 12-years and 9-months.

In his complaint, Plaintiff alleges that Defendant Norwood works as clerk with the office of the Mecklenburg County Clerk of Superior Court. On March 25, 2011, Plaintiff alleges he filed a motion with the Mecklenburg County Clerk of Superior Court (hereinafter "Clerk") requesting an extension of his time to file a motion for appropriate relief ("MAR"). (Doc. No. 1 at 2 ¶ 10). On April 13, 2011, Plaintiff mailed a letter to Norwood noting her response to his

1

motion for an extension of time, and Plaintiff requested that Norwood mail him a file-stamped copy of his motion for extension of time. Norwood sent a reply to Plaintiff, but did not include the requested file-stamped copy of the motion. (Id. at 2 ¶¶ 11-13).

On May 5, 2011, Norwood mailed Plaintiff "a letter and other court documents without his requested stamped filed copy of his motion filed in her office." On May 9, 2011, Plaintiff again wrote Norwood and, apparently between April 13th and May 9th, Plaintiff mailed a motion to compel Norwood to provide him with a file stamped copy of his motion for extension of time. In a May 9th letter, Plaintiff renewed his request for the file stamped copy of his motion to compel "requested court documents."

Next, Plaintiff redoubled his efforts to receive a file stamped copy by sending a letter to a superior court judge seeking his assistance in compelling Norwood to comply with Plaintiff's requests "for [a] court itemized list of documents." (Id. ¶¶ 15-16). Plaintiff notified Norwood by letter dated August 31, 2011, of his intention to bring a civil action against her if she did not provide him with the requested documents. Plaintiff contends that Norwood's refusal to supply the file stamped documents has caused substantial damage to Plaintiff's effort to participate in post-conviction proceedings. This failure, as Plaintiff contends, is a violation of his statutory rights under North Carolina law and the United States Constitution.

Plaintiff filed his complaint with this Court and the Clerk of Court entered an Order directing that monthly payments be taken out of his prisoner trust account in accordance with 28 U.S.C. § 1915. (Doc. No. 2). Plaintiff has filed two motions for default judgment, (Doc. Nos. 4, 8). The Court denied the first motion after noting that no proof of service had been filed with the Court. (Doc. No. 5). Plaintiff filed what he asserted was proof of service thereafter and renewed his motion for a default judgment against the Defendant. (Doc. No. 8). However, the Court finds

that no summons has been issued by the Clerk of Court in this case and thus the Defendant could not have been properly have been served under the Federal Rules which provide that the summons must "be signed by the clerk." Fed. R. Civ. P. 4(a)(F). Accordingly, Plaintiff's motion for default judgment will be DENIED. (Doc. No. 8).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107–08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.").

A pro se complaint in a proceeding *in forma pauperis* must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir. 1990).

In order to set out a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff

allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

### III. DISCUSSION

Plaintiff's claims that Norwood has violated certain rights as provided for under the General Statutes of North Carolina entitles him to no relief in this Section 1983 action. Plaintiff contends that Norwood had a duty, for instance, to comply fully with N.C. Gen. Stat. §§ 7A-106 and 109 which pertain to custody of court records and record-keeping procedures, respectively, or that Norwood has obstructed justice within the meaning of North Carolina law, which is a claim solely within the province of a state prosecutor or attorney general. (Doc. No. 1 at 3 ¶ 29). Accordingly, to the extent Plaintiff raises claims for relief under North Carolina statutory law, these claims will be dismissed.

Plaintiff also contends that Norwood violated his rights as protected by the United States Constitution, namely, his rights as protected by the Sixth and Fourteenth Amendments. (Id. at § 4 ¶ 37). Nowhere in his complaint does Plaintiff contend that his motion for extension of time to file an MAR was not filed with the Clerk's Office, nor does Plaintiff contend that he was prohibited from proceeding with his MAR. While Plaintiff does allege that he suffered monetary damages, he does not say how. Importantly, Plaintiff's own allegations belie his claim that he suffered prejudice because he did not receive a file-stamped copy of his motion for extension of time. Plaintiff states very clearly that Norwood sent him a letter on or about May 5, 2011, enclosing court documents but neglecting to enclose the "requested stamped filed copy of his motion filed in her office." (Id. at 2 ¶ 14).

Although it appears from his complaint that Plaintiff did not receive each and every document from his criminal court file, his disagreement, and the basis of his complaint, is that

Norwood did not jump every time he requested a file-stamped copy of a document. In an affidavit attached to his complaint, Plaintiff maintains that he requested "a copy of any and all legal documents pertaining to me and my case and I requested an itemized list of the documents sent from the clerk's office so there would be no misunderstanding as to which documents was sent to me [] I offered to pay for any fees or costs in connection." (Doc. No. 1 at 7). See generally United States v. Cervantes, 2008 WL 4200163, at *2 (D.S.D. Sept. 11, 2008) ("While defendant may desire to have copies of certain discovery documents or briefs, possession of those documents is not a prerequisite to filing a motion to vacate.").

Finally, Plaintiff does not contend that he did not know the nature of the charges for which he was convicted or that any action or omission on the part of Norwood prevented him from presenting a MAR to the Mecklenburg County Superior Court. The documents upon which Petitioner may have relied in preparing his MAR—indictments, judgment of conviction, motions to suppress—or others would have been part of his court file. Therefore, whether Plaintiff proceeded as a pro se defendant or he proceeded with counsel at trial, he would have had full access to those documents. And again, Plaintiff does not contend that he did not have access to those documents. Rather, Plaintiff appears to express concern that there may have been some document, any unnamed document, which may have assisted him with his MAR.

In sum, Plaintiff has failed to present facts that he was prejudiced by the alleged acts of Defendant Norwood. He is therefore presented only a case of disagreement or annoyance with the reaction to his many letters to Defendant Norwood and the Court finds that this does not present an actionable claim under the United States Constitution. Accordingly, Plaintiff's complaint under Section 1983 will be dismissed for failure to state a claim for relief under federal law.

IV.     **CONCLUSION**

   1.      **IT IS, THEREFORE, ORDERED** that Plaintiff's motion for default judgment is **DENIED**. (Doc. No. 8).

   2.      **IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim. (Doc. No. 1).

Signed: November 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge